IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JUANITA JENKINS and
CHRISTOPHER JENKINS,

          Plaintiffs,

v.                                       Civil Action No. 2:14-cv-003305

ETHICON, INC. et al,

          Defendants.

MEMORANDUM OPINION AND ORDER

On February 2, 2019, a Suggestion of Death was filed by plaintiffs' counsel suggesting the death of Juanita Jenkins during the pendency of this civil action. [ECF No. 12]. On May 3, 2019, plaintiffs' counsel moved the court asking for an extension of time to serve non-parties with the Suggestion of Death. [ECF No. 14].

Pursuant to Federal Rule of Civil Procedure 25(a) and Pretrial Order ("PTO") # 308 (Requirements for Counsel to Deceased Plaintiffs) filed in In re: Ethicon, Inc. Pelvic Repair System Products Liab. Litig., 2:12-md-2327 [ECF No. 6218], the time to substitute a proper party for the deceased party has expired and there has been no motion to substitute the deceased party.

I.     Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This particular case involves Mississippi co-plaintiffs, one of whom, Ms. Jenkins, was

1

implanted at Methodist Hospital in Germantown, Tennessee with the TVT-O, a mesh product manufactured by Ethicon, Inc. Short Form Compl. [ECF No. 1] ¶¶ 1-11. On February 2, 2019, plaintiffs' counsel filed a Suggestion of Death noting that Ms. Jenkins died during the pendency of this action [ECF No. 12].

## II. Legal Standards

### a. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchburg,* 769 F.2d 958, 962 (4th Cir. 1985). If the successor or representative is party to the action, service must be made on the party's attorney. Fed. R. Civ. P. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death). Traditionally, state statutes expressly

2

state whether a claim survives a deceased party and to whom survivorship is allowed. *Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

   b. PTO # 308

In Pretrial Order ("PTO") # 308, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." Pretrial Order # 308, p. 3, 2:12-md-2327 [ECF # 6218]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

*Id.* at 3–4.

While this burden is on plaintiffs' counsel, defendants' counsel may also file a suggestion of death on the record. "The filing of the suggestion of death by defendant's counsel places plaintiff's counsel on notice of his or her client's death, and therefore commences the 120-day period within which plaintiff's counsel must serve the suggestion of death on the appropriate nonparties." *Id.* at 4. If they should fail to

3

serve the suggestion of death, the ninety-day substitution period commences 120 days after Defendants' counsel filed the suggestion of death. *Id.*

### c. Choice of Law

If a plaintiff files her claim directly in the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.,* 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Jenkins underwent implantation surgery in Tennessee. Thus, the choice-of-law principles of Tennessee guide the court's choice-of-law analysis.

### III. Analysis

The defendants' counsel filed a Suggestion of Death on February 2, 2019 noting that Ms. Jenkins died while this litigation was pending. [ECF No. 12]. Plaintiffs' counsel requested an extension of time to serve non-parties with the Suggestion of Death on May 3, 2019. [ECF No. 14]. And while this motion has yet to be ruled on, plaintiffs' counsel filed nothing else on the record indicating any effort to serve any non-parties with notice of the Suggestion of Death prior to their suggested deadline. Pursuant to Rule 25(a)(1) and PTO # 308, the time for substituting any party or non-party for the deceased plaintiff has passed.

Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into Ms. Jenkins's shoes and pursue litigation on her behalf.

4

*See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."). Neither Mr. Jenkins nor any non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set for in Rule 25(a) and PTO # 308. Accordingly, the court **ORDERS** that the claims of Juanita Jenkins are **DISMISSED without prejudice**.

Whether Mr. Jenkins's claim survives the dismissal of Ms. Jenkins's claim is a question of state law. Tennessee law will determine which state's law decides the fate of Mr. Jenkins's claim. Tennessee follows the "most significant relationship" approach found in Sections 6 and 145 of the Restatement (Second) Conflict of Laws to choice-of-law questions in personal-injury actions. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992); *Montgomery v. Wyeth*, 580 F.3d 455, 459–61 (6th Cir. 2009). Under this approach, for tort claims, "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation." *Hataway*, 830 S.W.2d at 59. Here, Ms. Jenkins had the device implanted in Tennessee but was a resident of Mississippi and presumably injuries occurred there. Because Ms. Jenkins resided in Mississippi when filing her complaint, I find that it has a stronger connection to this case than Tennessee, a state that was merely the location of the medical procedure. Thus, I apply Mississippi's substantive law to this case.

While failure to comply with Rule 25(a)(1) prevents Mr. Jenkins from pursuing claims on Ms. Jenkins's behalf, Rule 25(a)(2) does not prevent Mr. Jenkins from pursuing claims on his own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

In this matter, only Mr. Jenkins's claim for loss of consortium remains. "Loss of consortium is . . . derivative, and Mississippi law dictates that if the underlying injury claim is disposed of, the loss of consortium claim cannot be maintained on its own." *J & J Timber Co. v. Broome*, 932 So.2d 1, 6 (Miss. 2006). Because Mr. Jenkins's claim for loss of consortium is derivative of Ms. Jenkins's claim, it must be dismissed as well. Accordingly, the court **ORDERS** that the claim of Christopher Jenkins is **DISMISSED without prejudice**.

IV. Conclusion

For reasons before the court, the plaintiffs' Request for Extension of Time [ECF No. 14] is **DENIED**. It is **ORDERED** that the claims of the plaintiffs Juanita Jenkins and Christopher Jenkins are **DISMISSED** without prejudice pursuant to Rule 25(a)(1) and PTO # 308, and this case is dismissed and stricken from the docket. Any remaining pending motions are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record any unrepresented party.

ENTER: November 3, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE